NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

OCT 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RENEE IVCHENKO,

Plaintiff-Appellant,

v.

CITY OF SCOTTSDALE, a municipal
corporation; et al.,

Defendants-Appellees,

THOMAS MICHAEL DEARING, Officer,
in his individual capacity,

Defendant-Appellee,

and

TIMOTHY MICHAEL DEARING,

Defendant,

MARICOPA COUNTY; PAUL PENZONE,

Defendants.

No.    20-17463

D.C. No.
2:19-cv-05834-ROS-DMF

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted October 7, 2021[]
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and FRIEDLAND, Circuit Judges.

Renee Ivchenko appeals from the dismissal of her civil rights action against the City of Scottsdale and three Scottsdale police officers.  The lawsuit stems from Ivchenko's arrest following a police encounter in her home, during which Ivchenko, an admitted alcoholic, was highly intoxicated.  On appeal, Ivchenko challenges only the dismissal of her claims against the City brought under the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq*. ("ADA"), and the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*. ("RA").[1]  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] To the extent Ivchenko intended to challenge the dismissal of her other claims, she forfeited those arguments by failing to raise them in her opening brief. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").

subjected to discrimination by any such entity."[2] 42 U.S.C. § 12132. This

provision applies to arrests, and, in this context, a city may be liable for two types

of Title II claims:

> (1) wrongful arrest, where police wrongly arrest someone with a disability because they misperceive the effects of that disability as criminal activity; and (2) reasonable accommodation, where, although police properly investigate and arrest a person with a disability for a crime unrelated to that disability, they fail to reasonably accommodate the person's disability in the course of investigation or arrest, causing the person to suffer greater injury or indignity in that process than other arrestees.

*Sheehan v. City & County of San Francisco*, 743 F.3d 1211, 1232 (9th Cir. 2014),

*rev'd in part, cert. dismissed in part*, 575 U.S. 600 (2015). Ivchenko asserts ADA

violations under both theories.

Reviewing de novo, we hold that the district court did not err in dismissing

Ivchenko's disability-related claims.[3] Her wrongful arrest theory fails because,

according to Ivchenko's own pleadings, she committed at least one arrestable

offence.[4] Her Second Amended Complaint explains that, after her husband poured

---

[2] We have recognized that, in the arrest context, Section 504 of the RA imposes "identical 'remedies, procedures and rights,'" *Vos v. City of Newport Beach*, 892 F.3d 1024, 1036 (9th Cir. 2018) (quoting *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000)), so we discuss only the ADA here for simplicity.

[3] For purposes of this decision, we assume that Ivchenko would qualify as disabled under the ADA. *See Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1187 (9th Cir. 2001) ("[A]lcoholism is a protected disability under the ADA.").

[4] Because her admission of having committed one crime is a sufficient reason to dismiss her unlawful arrest claim, we need not consider whether

her vodka down the kitchen sink, she placed a "baseless 911 call," falsely reporting domestic violence. This is a crime under Arizona law, *see* Ariz. Rev. Stat. § 13-2907.01, and the fact that Ivchenko committed this act while inebriated does not make it any less so. Upon arriving at Ivchenko's home and determining that her report of domestic abuse was "baseless," officers therefore had probable cause to arrest Ivchenko, which defeats a claim for wrongful arrest. *See Sheehan*, 743 F.3d at 1232 (explaining that an ADA claim for wrongful arrest requires that officers "*misperceive* the effects of [a] disability as criminal activity" (emphasis added)). The fact that Ivchenko was arrested on other charges does not negate the fact that her arrest was supported by probable cause and thus was not wrongful. *Cf. Blankenhorn v. City of Orange*, 485 F.3d 463, 473 (9th Cir. 2007) (explaining in the context of a Fourth Amendment wrongful arrest claim that "[p]robable cause need only exist as to any offense that could be charged under the circumstances" (quoting *Bingham v. City of Manhattan Beach*, 341 F.3d 939, 952 (9th Cir. 2003))).

We also affirm dismissal of Ivchenko's reasonable accommodations claim because Ivchenko failed to plead the "existence of a reasonable accommodation."

---

Ivchenko's Complaint also contains admissions that she committed additional crimes, such as resisting arrest, Ariz. Rev. Stat. § 13-2508. We likewise do not rely on what appears to be a signed acknowledgement by Ivchenko that she is "guilty of the offenses charged," which Defendants submitted with their motion to dismiss in the district court.

*Sheehan*, 743 F.3d at 1232-33. Ivchenko contends that, given her intoxicated state, officers should have allowed her to "stay in her home with her husband . . . or invok[ed] an involuntary commitment as requested by her husband." But it cannot be that the ADA *requires* officers to refrain from arresting a disabled individual when they have established probable cause for an arrest. *See* 28 C.F.R. § 35.130(b)(7) (a public entity need not make reasonable accommodations when it "can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity").

To the extent Ivchenko contends the officers had an obligation to de-escalate the situation, Ivchenko has not plausibly alleged that any failure to de-escalate caused the confrontation to become a criminal. Rather, by Ivchenko's own admission, this was a criminal matter from the outset, as Ivchenko precipitated the encounter by falsely reporting domestic abuse—a crime that was completed before the officers even arrived.

Lastly, the district court did not err in denying Ivchenko leave to file a third amended complaint. "[T]he complaint could not be saved by any amendment," *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (quoting *Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010)), and Ivchenko had not shown good cause to amend her

5

complaint after the deadline set by the scheduling order for amended pleadings, *see*

*Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

**AFFIRMED.**